IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE  * MDL Docket No. 2004
                              4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS  *
                              Case Nos.
LIABILITY LITIGATION        * 4:13-cv-131 (Roberts)

_____

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence.  Plaintiff Julie Roberts was implanted with ObTape and asserts that she suffered injuries caused by ObTape.  Mrs. Roberts brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries.  Mrs. Roberts also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape.  Her husband Russell brought a loss of consortium claim. Mentor seeks summary judgment on the Plaintiffs' claims, contending that they are time-barred.  For the reasons set forth below, Mentor's summary judgment motion (ECF No. 38 in 4:13-cv-131) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(a).   In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

## FACTUAL BACKGROUND

Plaintiff Julie Roberts sought treatment for stress urinary incontinence from Dr. Michael Segal.   Dr. Segal implanted Mrs. Roberts with ObTape in May 2004.   In July 2004, Mrs. Roberts reported that her husband "bumped into something" during intercourse, which resulted in bleeding and abrasions.   J. Roberts Dep. 93:22-94:3, ECF No. 38-5 in 4:13-cv-131.   Dr. Segal found an erosion of the ObTape.   He also noticed that the eroded mesh was firm, which was not supposed to happen.   Dr. Segal told Mrs. Roberts that her sling had eroded, and he discussed treatment options with her.   Dr. Segal removed the eroded portion of Mrs. Roberts's ObTape in July 2004.   Mrs. Roberts went back to Dr. Segal complaining of pain and vaginal discharge; at the time, the sling was irritating both Mr. and Mrs. Roberts.   Dr. Segal recommended a second excision

procedure, which he performed in November 2004. When Mrs. Roberts followed up with Dr. Segal in December, she did not raise any complaints to Dr. Segal.

The Plaintiffs are North Dakota residents, and Mrs. Roberts's ObTape-related treatment took place in North Dakota. Mrs. Roberts asserts claims for negligence; strict liability; breach of implied warranty; breach of express warranty; fraudulent misrepresentation; fraudulent concealment; and negligent misrepresentation. Mr. Roberts asserts a loss of consortium claim. Mrs. Roberts withdrew her warranty and fraudulent concealment claims, so Mentor is entitled to summary judgment on those claims.

DISCUSSION

The Plaintiffs filed their action in this Court on May 10, 2013 under the Court's direct filing order. The parties agreed that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint." Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004. The Plaintiffs live in North Dakota, and all of Mrs. Roberts's ObTape-related treatment took place in North Dakota. The parties agree that North Dakota law applies to the Plaintiffs' claims.

North Dakota has a six-year statute of limitations for personal injury claims. N.D. Cent. Code Ann. § 28-01-16. The

parties agree that this statute of limitations applies to all of the Plaintiffs' remaining claims. *See Erickson v. Scotsman, Inc.*, 456 N.W.2d 535, 537 (N.D. 1990) ("Product-liability tort actions, whether based upon negligence or strict-liability theory, must be brought within the six-year statute of limitations[.]"). North Dakota courts apply a discovery rule to cases involving latent injuries. *BASF Corp. v. Symington*, 512 N.W.2d 692, 695 (N.D. 1994). "Under the discovery rule, the action does not accrue and the limitations period does not begin to run until the claimant knows, or with reasonable diligence should know, that a potential claim exists." *Id.; accord Froysland v. Altenburg*, 439 N.W.2d 797, 798-99 (N.D. 1989) (finding no fact dispute that the plaintiff's malpractice claim accrued by the time he "knew of his injury, its cause, and the possible negligence of a member" of his surgical team—not when he knew precisely who the negligent surgical team member was).

Here, Mrs. Roberts contends that she did not learn of a connection between ObTape and her injuries until 2011 or 2012 when she saw a television commercial regarding mesh complications. But Mrs. Roberts knew or should have known that she suffered some injuries caused by ObTape well before then. By November 2004, Mrs. Roberts knew that her sling had eroded and that it was irritating both her and her husband. She knew that had to have two excision procedures due to erosions of the

ObTape.   Therefore, Mrs. Roberts knew of, strongly suspected, or had enough information to know of a connection between ObTape and at least some of her injuries by November 2004.   A reasonable person in that situation would take some action to follow up on the cause of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem.   The statute of limitations for Mrs. Roberts's product liability claims therefore accrued in November 2004.   She did not file her action until more than eight years later, so her claims are barred.   Mr. Roberts's loss of consortium claim fails because Mrs. Roberts's claims fail.   *See Carlson v. GMR Transp., Inc.*, 863 N.W.2d 514, 521 (N.D. 2015) (finding that dismissal of injured spouse's claims required dismissal of consortium claim because "a loss of consortium claim derives from the other spouse's injury").

## CONCLUSION

As discussed above, Mentor's summary judgment motion (ECF No. 38 in 4:13-cv-131) is granted.

IT IS SO ORDERED, this 16th day of April, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA